S. Peter Serrano
United States Attorney
Eastern District of Washington
Bree R. Black Horse
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

**ECF No. 1**

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 14 2025

SEAN F. MCAVOY, CLERK
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY JOHN SAMPSON, JR.,<br><br>Defendant. | 1:25-CR-2122-SAB<br><br>INDICTMENT<br><br>Vio: 18 U.S.C. § 2251(a), (e)<br>Production and Attempted Production of Child Pornography<br>(Counts 1, 3, 5)<br><br>18 U.S.C. § 2422(b)<br>Online Enticement and Attempted Online Enticement of a Minor<br>(Counts 2, 4, 6)<br><br>18 U.S.C. § 2252A(a)(5)(B), (b)(2)<br>Possession of Child Pornography<br>(Count 7)<br><br>18 U.S.C. § 2253, 18 U.S.C. § 2428<br>Forfeiture Allegations |

INDICTMENT – 1

The Grand Jury charges:

## COUNT 1

Beginning on or about January 31, 2024, and continuing until on or about August 4, 2024, within the Eastern District of Washington, the Defendant, JOHNNY JOHN SAMPSON, JR., did knowingly employ, use, persuade, induce, entice, and coerce MINOR 1, a child born in 2012, to engage in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; such visual depiction was produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and did attempt to do the same, all in violation of 18 U.S.C. § 2251(a), (e).

## COUNT 2

Beginning on or about January 31, 2024, and continuing until on or about August 4, 2024, within the Eastern District of Washington, the Defendant, JOHNNY JOHN SAMPSON, JR., did unlawfully and knowingly use any facility and means

INDICTMENT – 2

of interstate and foreign commerce, to wit: the internet, to persuade, induce, entice and coerce MINOR 1, an individual who had not attained the age of eighteen years, to engage in any sexual activity for which any person could be charged with an offense, including 18 U.S.C. § 2251(a), (e) Production of Child Pornography, and did attempt to do the same, all in violation of 18 U.S.C. § 2422(b).

## COUNT 3

Beginning on or about March 7, 2025, and continuing until on or about April 22, 2025, within the Eastern District of Washington, the Defendant, JOHNNY JOHN SAMPSON, JR., did knowingly employ, use, persuade, induce, entice, and coerce MINOR 2, a child born in 2012, to engage in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; such visual depiction was produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and did attempt to do the same, all in violation of 18 U.S.C. § 2251(a), (e).

INDICTMENT – 3

## COUNT 4

Beginning on or about March 7, 2025, and continuing until on or about April 22, 2025, within the Eastern District of Washington, the Defendant, JOHNNY JOHN SAMPSON, JR., did unlawfully and knowingly use any facility and means of interstate and foreign commerce, to wit: the internet, to persuade, induce, entice and coerce MINOR 2, an individual who had not attained the age of eighteen years, to engage in any sexual activity for which any person could be charged with an offense, including 18 U.S.C. § 2251(a), (e) Production of Child Pornography, and did attempt to do the same, all in violation of 18 U.S.C. § 2422(b).

## COUNT 5

Beginning on or about March 27, 2025, and continuing until on or about April 7, 2025, within the Eastern District of Washington, the Defendant, JOHNNY JOHN SAMPSON, JR., did knowingly employ, use, persuade, induce, entice, and coerce MINOR 3, a child born in 2009, to engage in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; such visual depiction was produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any

INDICTMENT – 4

means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and did attempt to do the same, all in violation of 18 U.S.C. § 2251(a), (e).

## COUNT 6

Beginning on or about March 27, 2025, and continuing until on or about April 7, 2025, within the Eastern District of Washington, the Defendant, JOHNNY JOHN SAMPSON, JR., did unlawfully and knowingly use any facility and means of interstate and foreign commerce, to wit: the internet, to persuade, induce, entice and coerce MINOR 3, an individual who had not attained the age of eighteen years, to engage in any sexual activity for which any person could be charged with an offense, including 18 U.S.C. § 2251(a), (e) Production of Child Pornography, and did attempt to do the same, all in violation of 18 U.S.C. § 2422(b).

## COUNT 7

On or about May 8, 2025, within the Eastern District of Washington, the Defendant, JOHNNY JOHN SAMPSON, JR., did knowingly possess material that contained one or more images of child pornography, as defined in 18 U.S.C. § 2246(8)(A), including images of prepubescent minors and minors who had not attained twelve years of age, the production of which involved the use of a minor engaging in sexually explicit conduct, and which visual depictions were of such

INDICTMENT – 5

conduct, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

## NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

The allegations set forth in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 2253, upon conviction of an offense or offenses in violation of 18 U.S.C. § 2251(a), (e); and/or 18 U.S.C. § 2252A(a)(5)(B), (b)(2), as set forth in this Indictment, the Defendant, JOHNNY JOHN SAMPSON, JR., shall forfeit to the United States any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property, including, but not limited to:

INDICTMENT – 6

1    -  a gray LG Tablet, serial number 910HULX0006944;

2    -  a Xbox console with two controllers and power cord;

3    -  a Xbox Seagate Hard Driver; and

4    -  a Samsung Galaxy S8 cell phone.

Pursuant to 18 U.S.C. § 2428, upon conviction of an offense(s) in violation of 18 U.S.C. § 2422(b), as set forth in this Indictment, the Defendant, JOHNNY JOHN SAMPSON, JR., shall forfeit to the United States of America, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense(s) and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense(s), including but not limited to:

- a gray LG Tablet, serial number 910HULX0006944;
- a Xbox console with two controllers and power cord;
- a Xbox Seagate Hard Driver; and
- a Samsung Galaxy S8 cell phone.

DATED this 14th day of November 2025.

                                                 A TRUE BILL

*S. Peter Serrano*
S. Peter Serrano
United States Attorney

*Bree R. Black Horse*
Bree R. Black Horse
Assistant United States Attorney

INDICTMENT – 7