FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 10, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:25-CR-02122-SAB-1 |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE |
| v. | |
| JOHNNY JOHN SAMPSON, JR, | |
| Defendant. | **ECF Nos. 42, 43** |

On Wednesday, June 3, 2026, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 42) and related Motion to Expedite (ECF No. 43). Defendant was represented by Assistant Federal Defender Nick Mirr. Assistant United States Attorney Benjamin Seal represented the United States. With Defendant's consent, the undersigned appeared by video from Richland, Washington.

Defendant requested that the Court temporarily modify Special Condition No. 7, which imposes home detention, to allow Defendant to leave his home to attend his nephew's Wapato High School Graduation on June 4, 2026, at 7:00 p.m. at the Yakima Valley SunDome Arena. ECF No. 42. The United States opposed Defendant's release, but United States Probation/Pretrial Services had no objection.

ORDER - 1

Pretrial release conditions are governed by 18 U.S.C. § 3142(c).  A defendant released on conditions shall be subject to the least restrictive condition or combination of conditions to "reasonably assure the appearance of the person as required and the safety of any other person and the community."  § 3142(c)(1)(B). To determine whether there are conditions that will reasonably assure the defendant's appearance and the safety of the community, courts consider four factors under § 3142(g): (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g)(1)–(4).  Important here, courts "may at any time amend the order to impose additional or different conditions of release."

Defendant is charged with Production and Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e), Online Enticement and Attempted Online Enticement of a Minor, in violation of 18 U.S.C. § 2242(b), and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2).  ECF No. 1.  Defendant is alleged to have contacted individuals he thought were minor males through video games and social media, and sent gift cards to them, hoping that the minors would send him nude photographs and videos in exchange for the gift cards.  ECF No. 26.

ORDER - 2

The Court previously determined that Special Condition No. 7, which imposes home detention, was necessary to mitigate Defendant's risk to the safety of the community under § 3142.  ECF No. 26 at 7.  The Court also imposed Special Condition Nos. 13 and 14, which prohibit Defendant from "be[ing] in the presence of minors, unless a responsible adult—who is aware of these charges and preapproved by United States Probation/Pretrial Services—is present at all times," and "loiter[ing] within 500 feet of a school, childcare facility, playground, park, athletic field or facility, or any other business or facility having a principal purpose of caring for, educating, or entertaining minors." *Id.* at 14.  The Court held that these conditions were necessary for Defendant's release under § 3142.  *See generally id.*

Defense counsel argued that the temporary condition modification was warranted because Defendant has fully complied with supervision for over five months, the alleged offense conduct involves only online conduct and no in-person contact with minors, the event Defendant seeks to attend is a large, public event, and Defendant will be accompanied by his father.  Additionally, defense counsel indicated that the case is unique because Defendant is awaiting a competency restoration attempt.  *See* ECF No. 40.

While the alleged offense conduct occurred entirely online, Defendant is still alleged to have communicated with and enticed minors, as well as produced and

ORDER - 3

possessed child pornography.  *See* ECF No. 1.  The alleged conduct creates a risk of danger to minors in the community.  The fact that the event Defendant wishes to attend is in person does not mitigate the risk to minors in the community, particularly when the event is a high school graduation where many minors will be present.  Further, the fact that Defendant is now deemed incompetent does not mitigate the risk of danger posed to the community from Defendant's behavior.

In conclusion, the Court finds that Defendant's requested modification of temporarily suspending home detention to allow Defendant to attend a high school graduation is insufficient to reasonably assure the safety of the community under § 3142.

Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion to Expedite (**ECF No. 43**) is **GRANTED**.

2.    Defendant's Motion to Modify Conditions of Release (**ECF No. 42**) is **DENIED**.

**IT IS SO ORDERED.**

DATED June 10, 2026.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 4